UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON STEWART FERGUSON,

    Petitioner,

  v.

RON VAN BOENING,

    Respondent.

Case No. C07-5615 FDB

ORDER DENYING MOTION FOR STAY AND ADOPTING REPORT AND RECOMMENDATION DENYING WRIT FOR HABEAS CORPUS

    The Magistrate Judge recommends this habeas corpus petition be denied and dismissed with prejudice as barred by the statute of limitations, 28 U.S.C. § 2244(d). Petitioner has not filed an objection. Instead, Petitioner has filed a motion for stay of proceedings or, in the alternative dismiss the petition without prejudice, in order that he may first seek relief in a state court proceeding.

    As detailed by the Magistrate Judge, the one-year statute of limitations has run and the habeas corpus petition is time-barred. Petitioner does not contest this determination. Further, as noted by the Magistrate Judge, RCW 10.73.090 bars Petitioner form filing a personal restraint petition or motion for collateral attack on the judgement and sentence in the state court.

    Petitioner's motion for stay or dismissal without prejudice does not demonstrate an objective factor that prevented Petitioner from complying with the state "procedural rules" relating to the

ORDER -1

presentation of his claims.  In order to establish cause for a procedural default, a petitioner must demonstrate that the default is due to an external objective factor that cannot fairly be attributed to him.  Because there is no constitutional right to an attorney in state post-conviction proceedings, attorney ineffectiveness in the post-conviction process is not considered cause for the purposes of excusing the procedural default at that stage.  Smith v. Baldwin, 510 F.3d 1127, 1146-47 (9th Cir. 2007); Manning v. Foster, 224 F.3d 1129, 1133 (9th Cir. 2000).  Because petitioner had no right to counsel to pursue his petition in state habeas proceeding, any attorney error that led to default of petitioner's claims in state court could not constitute cause to excuse default in federal habeas proceeding.  Coleman v. Thompson, 501 U.S. 722 (1991).  Thus, no basis exist for a stay of proceedings or dismissal without prejudice.

The Court having reviewed the Report and Recommendation of the Hon. J. Kelley Arnold United States Magistrate Judge, the motion for stay or, in the alternative dismissal without prejudice, and the remaining record, does hereby find and Order:

(1) The Motion for stay of proceedings or, in the alternative dismissal without prejudice [Dkt. #21] is **DENIED**.

(2) The Court adopts the Report and Recommendation;

(3) The petition is **DISMISSED WITH PREJUDICE** for the reasons set forth in the Report and Recommendation.  This petition is procedurally barred.

(4) The Clerk is directed to send copies of this Order to Petitioner, counsel for Respondent, and to the Hon. J. Kelley Arnold.

DATED this 28th day of April, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER -2